

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    NOV 2 2 2005

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LSF FRANCHISE LOAN INVESTMENTS, LLC          CIVIL ACTION

VERSUS                                                             NO. 05-904

SPECIALTY FOOD SYSTEMS INCORPORATED,          SECTION "C" (3)
ET AL

<u>ORDER AND REASONS</u>

This matter comes before the Court on motion for summary judgment filed by the

plaintiff, SPCP Group, LLC ("SPCP").   Having considered the record, the memoranda of

counsel and the law, the Court has determined that summary judgment is inappropriate for the

following reasons.

After LSF Franchise Loan Investments, LLC ("LSF") filed this diversity suit against the

defendants, Specialty Food Systems Incorporated ("Specialty Foods") and James C. Hardy, III

("Hardy") based on a promissory note and personal guaranty signed by the defendants.  After the

defendants filed answer, SPCP purchased the subject promissory note and personal guarantee

from LCF.  SPCP moves for summary judgment on the note and guaranty and ask for

recognition of its rights on the underlying security.

The defendants argue that the sale of the note and guaranty from LSF to SPCP was the

1

Fee _____
Process _____
X  Dktd _____
CtRmDep _____
Doc. No. _____

sale of a litigious right under La. Civ. Code art. 2652, which provides as follows:

> When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee  the price the assignee paid for the assignment, with interest from the time of the assignment.
>     A right is litigious, for that purpose, when it is contested in a suit already filed.
>     Nevertheless, the debtor may not thus extinguish his obligation when the assignment has been made to a co-owner of the assigned right, or to a possessor of the thing subject to the litigious right.

The defendants contend that their liability is limited to the price that SPCP paid for the assignment.

SPCP reply that the assignment was not a sale of a litigious right because there is no dispute that Specialty Foods and Hardy signed the note and guaranty, which are otherwise defaulted.  It claims that a right is litigious only "when there is litigation on the merits of a case" and "must be based on the existence of the right itself and the right must be contested,"  relying on Hawthorne v. Humble Oil & Refining Co., 210 So.2d 110, 112, (La. App. 1st Cir. 1968), Saucier v. Chrichton, 147 F.2d 5430, 436 (5th Cir. 1045) and Resolution Trust Corp. v. Babovich, 1990 WL 86479 (E.D.La..).  According to SPCP, because the underlying obligation is not contested, it is not a litigious right subject to Article 2652.

The defendants surreply that they clearly denied liability in their answer when they contested the amount due on the note, and that for purposes of the sale, this matter was contested at the time when SPCP purchased the note and guaranty.   They also note, persuasively, that Article 2652 recognizes that an obligation must exist before there can be an assignment of a litigious right of it.   This contravenes SPCP's argument that the fact that a debt  or obligation exists defeats the application of the article.   SPCP seems to argue in its response to the

defendants' surreply that a party can not contest "the merits " of a claim by only contesting the amount owed in their answer.

The primary cases upon which SPCP relies do not support its argument.   In <u>Hawthorne</u>, 210 So.2d at 112, the court was focusing on joinder of issue and the lack of an answer in the lawsuit and  stated "that a right transferred after suit is instituted  and an answer filed thereto, and before the judgment therein is final, is a litigious right, since there is a suit and a contestation thereon." In <u>Saucier</u>, 147 F.2d at434-436, again the focus was on  answer and joinder of issue and here, the precise issue raised and joined was the amount of the original debt upon which suit was filed.  Finally, <u>Babovich</u>, 1990 WL 86479 at *6, involved a suit without an answer prior to the transfer nor any other pleading that "challenge the merits of plaintiff's claim – i.e. that they owe the amounts allegedly due on this note" and in which the challenge to the transfer was not timely.  This Court is persuaded that a suit contesting the amount of a debt is contested for purposes of an Article 2652.

In this regard, the rationale of Article 2652 is important to the resolution of this motion. It is designed "to discourage the trafficking in lawsuits.  The code article does so by attempting to remove the profit incentive that it implicitly recognizes would be the primary motivation for buying a lawsuit." <u>Id.</u>, at *7.  Here, the value of that lawsuit was undisputably contested in a timely manner and prior to the assignment of rights.  The Court concludes that Article 2652 applies.[1]  See <u>Luk-Shop, L.L.C. v. Riverwood LaPlace Associates, L.L.C.</u>, 802 So.2d 1291 (La.

---

[1] The Court notes that this matter remains set for pre-trial conference on November 29, 2005, and trial on December 15, 2005.

3

2002).

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the plaintiff, SPCP Group, LLC is DENIED.

New Orleans, Louisiana, this _____ day of November, 2005.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE